UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NATHAN TEMPEY,

                         Plaintiff,                          **ANSWER**

      v.                                           Civil Action No.
                                                20-cv-5212

UNITED STATES DEPARTMENT OF HOMELAND     (Vitaliano, J.)
SECURITY,                                                   (Bulsara, M.J.)

                          Defendant.
------------------------------------------------------------------x

      Defendant United States Department of Homeland Security ("Defendant" or "DHS"), by its attorney, Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Alex S. Weinberg, Assistant United States Attorney, of counsel, answers the correspondingly numbered paragraphs of Plaintiff's Complaint upon information and belief as follows:

      1.      This paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be required, Defendant denies.

      2.      Admits that Plaintiff submitted a Freedom of Information Act ("FOIA") request seeking records concerning a 2018 DHS press release entitled "We must Secure the Border and Build The Wall To Make America Safe Again." The remaining allegations in this paragraph contain conclusions of law to which no response is required. To the extent the remainder of this paragraph can be read to allege facts to which a response may be required, Defendant denies.

      3.      This paragraph contains statements of law and Plaintiff's characterization of his claims, to which no response is required. Defendant denies the remainder of the allegations in this paragraph, except admits that DHS referred Plaintiff to 24 pages of documents publicly posted on DHS's website.

4. This paragraph fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant denies.

5. This paragraph contains Plaintiff's characterization of this action, to which no response is required. Defendant respectfully refers the Court to the referenced FOIA request for a complete and accurate statement of its contents.

6. This paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant denies.

## Jurisdiction and Venue[1]

7. This paragraph contains conclusions of law and plaintiff's characterization of the basis for subject matter jurisdiction and personal jurisdiction, to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be required, Defendant denies.

8. This paragraph contains conclusions of and Plaintiff's characterization of the basis for venue in this District, to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## Parties

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Admits.

---

[1] Defendant's Answer replicates the headings contained in the Complaint for ease of reference. Defendant believes that no response is required to such headings. To the extent a response is required and those headings could be construed to contain factual allegations, Defendant denies those allegations.

**Statutory Framework**

11. This paragraph contains statements of law, to which no response is required. To the extent a response may be required, Defendant denies.

12. This paragraph contains statements of law, to which no response is required. To the extent a response may be required, Defendant denies.

13. This paragraph contains statements of law, to which no response is required. To the extent a response may be required, Defendant denies.

**Factual Background**

14. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant denies Plaintiff's characterization and respectfully refers the Court to the source materials cited by Plaintiff in the Complaint for a complete and accurate statement of their contents.

15. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant denies Plaintiff's characterization and respectfully refers the Court to the source materials cited by Plaintiff in the Complaint for a complete and accurate statement of their contents.

16. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant denies Plaintiff's characterization, including the characterization of the Order at issue, and respectfully refers the Court to the source materials cited by Plaintiff in the Complaint for a complete and accurate statement of their contents.

17. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant denies Plaintiff's characterization and respectfully refers the Court to the source materials cited by Plaintiff in the Complaint for a complete and accurate statement of their contents.

18. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant denies Plaintiff's characterization and insinuations and respectfully refers the Court to the source materials cited by Plaintiff in the Complaint for a complete and accurate statement of their contents.

19. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant denies Plaintiff's characterization and respectfully refers the Court to the source materials cited by Plaintiff in the Complaint for a complete and accurate statement of their contents.

20. Admits.

21. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

22. This paragraph fails to comply with Rule 8(a) and should be struck. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

23. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

24. This paragraph, which consists of arguments, legal conclusions, and statements not pertaining to the FOIA or Plaintiff's FOIA request at issue, fails to comply with Fed. R. Civ. P. 8(a) and should be struck. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## Plaintiff's FOIA Request

25. Admits that Plaintiff made this FOIA request and respectfully refers the Court to the August 8, 2018 FOIA request for a complete and accurate statement of its contents.

26. Admits that Plaintiff's request sought the records listed in subparts (a) through (d) and respectfully refers the Court to the August 8, 2018 FOIA request for a complete and accurate statement of its contents.

27. Admits that Plaintiff sought a waiver of fees. Defendant respectfully refers the Court to the August 8, 2018 FOIA request for a complete and accurate statement of Plaintiff's fee waiver request.

## DHS's Insufficient Responses To FOIA Request

28. Admits. Defendant respectfully refers the Court to the August 14, 2018 correspondence for a complete and accurate statement of its contents.

29. Denies.

30. Admits that Plaintiff followed up with DHS on January 5, 2020. Defendant denies the remaining allegations in this paragraph and respectfully refers the Court to the January 5, 2020 correspondence for a complete and accurate statement of its contents.

31. Admits that in his January 5, 2020 correspondence, Plaintiff inquired whether the request was sent to the White House. Defendant denies the remaining allegations in this paragraph and respectfully refers the Court to the cited correspondence for a complete and accurate statement of its contents.

32. Admits that Plaintiff received correspondence from DHS apologizing for not being "able to process your request by our initial estimated date of completion," but denies that it was sent on January 5, 2020. Defendant respectfully refers the Court to the cited correspondence for a complete and accurate statement of its contents.

33. Admits that Plaintiff followed up with DHS on January 9 and 30, February 17 and 24, and March 20, 2020. Defendant respectfully refers the Court to the cited correspondence for a complete and accurate statement of their contents.

34. Admits that DHS provided a final response to the August 9, 2018 FOIA request on March 27, 2020. Defendant respectfully refers the Court to the March 27, 2020 letter for a complete and accurate statement of its contents.

35. Admits that DHS responded by referring Plaintiff to 24 pages of documents related to the February 2018 press release regarding the border wall posted on the DHS website in the FOIA Library. Defendant denies the remainder of the allegations in this paragraph.

36. This paragraph sets forth conclusions of law to which no response is necessary. To the extent that a response is required, denies.

37. This paragraph sets forth conclusions of law to which no response is necessary. To the extent that a response is required, denies.

38. Denies.

39. Admits Plaintiff sought records responsive to his FOIA request. Defendant denies the remaining allegations in this paragraph and respectfully refers the Court to the August 9, 2018 FOIA request for a complete and accurate statement of its contents.

40. Admits that correspondence between the DHS press office and reporters was not included in the DHS documents responsive to Plaintiff's FOIA request. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

41. Denies, except admits that the DHS documents consisted of records from February 12 and February 13, 2018.

42. This paragraph sets forth conclusions of law to which no response is required. To the extent that a response is required, avers that DHS properly invoked FOIA exemptions 5 and 6, 5 U.S.C. §§ 552(b)(5) and (6), to justify withholding of certain information.

43. Admits. Defendant respectfully refers the Court to the March 2020 letter for a complete and accurate statement of its contents.

44. This paragraph contains statements of law and Plaintiff's characterization of his claims, to which no response is required. To the extent a response is required, Defendant admits that DHS responded to Plaintiff's August 8, 2018 FOIA request on March 27, 2020.

45. Denies.

**Plaintiff's Administrative Appeal**

46. Admits that Plaintiff filed an administrative appeal on April 7, 2020, as set forth in the subparts of this paragraph. Defendant respectfully refers the Court to the FOIA Administrative Appeal for a complete and accurate statement of its contents.

47. Admits that Plaintiff objected to the DHS March 2020 response. Defendant respectfully refers the Court to the FOIA Administrative Appeal for a complete and accurate statement of its contents.

48. Admits.

### The Initial FOIA Appeal Decision

49. Admits. Defendant respectfully refers the Court to the June 11, 2020 letter for a complete and accurate statement of its contents.

50. Admits that the ALJ remanded the case to PRIV to review the justification for withholding the work email addresses and some names of government employees as well as to provide information regarding search parameters. The remaining allegations are conclusions of law to which no response is required. Defendant respectfully refers the Court to the June 11, 2020 ALJ decision for a complete and accurate statement of its contents.

51. Denies that Plaintiff argued on appeal that DHS failed to search and produce materials responsive to the other topics in Plaintiff's FOIA request at issue, but admits that Plaintiff's appeal stated that DHS did not disclose correspondence between members of the DHS press office and journalists. Defendant respectfully refers the Court to the April 7, 2020 appeal and June 11, 2020 ALJ decision for complete and accurate statements of their contents.

### The Final FOIA Appeal Decision

52. Admits. Defendant respectfully refers the Court to the July 15, 2020 decision for a complete and accurate statement of its contents.

53. Defendant admits that the ALJ decision held that DHS and PRIV provided a satisfactory explanation to demonstrate a privacy interest at stake, and denies the remaining allegations. Defendant respectfully refers the Court to the July 15, 2020 decision for a complete and accurate statement of its contents.

54. Defendant admits that the ALJ decision stated that the redaction of the names of some government employees were "withheld by the White House when the records were sent to it for review, and PRIV would not challenge the White House's decision." Defendant respectfully refers the Court to the July 15, 2020 decision for a complete and accurate statement of its contents.

55. Admits. Defendant respectfully refers the Court to the July 15, 2020 decision for a complete and accurate statement of its contents.

56. Admits. Defendant respectfully refers the Court to the July 15, 2020 decision for a complete and accurate statement of its contents.

57. This paragraph contains conclusions of law to which no response is required. To the extent a response is required or this paragraph contains factual allegations, Defendant denies.

58. This paragraph contains a conclusion of law to which no response is required. As to the remainder of the allegations, Defendant denies.

59. Admits.

## Plaintiff's Final Efforts to Obtain the Unredacted Materials

60. Admits.

61. Defendant lacks knowledge or information sufficient to form a belief about the allegations of this paragraph.

62. Defendant lacks knowledge or information sufficient to form a belief about the allegations of this paragraph.

### First Claim for Relief

### Violation of FOIA for Failure to Comply with Statutory Deadlines

63.  Defendant repeats and reiterates its answers to paragraphs 1-62 above.

64.  This paragraph sets forth a conclusion of law. To the extent that a response is required, admits.

65.  This paragraph sets forth a conclusion of law. To the extent that a response is required, Defendant denies, except admits that Plaintiff made a FOIA request as set forth in this litigation.

66.  This paragraph sets forth a conclusion of law, to which no response is required.

67.  This paragraph sets forth a conclusion of law. To the extent that a response is required, denies.

### Second Claim for Relief

### Violation of FOIA for Wrongful Withholding of Agency Records

68.  Defendant repeats and reiterates its answers to paragraphs 1-67 above.

69.  This paragraph sets forth a conclusion of law. To the extent that a response is required, admits.

70.  This paragraph contains a conclusion of law to which no response is required.

71.  This paragraph contains a conclusion of law to which no response is required.

72.  This paragraph sets forth a conclusion of law. To the extent that a response is required, denies.

73.  This paragraph sets forth a conclusion of law. To the extent that a response is required, denies.

74.  This paragraph sets forth a conclusion of law. To the extent that a response is required, denies.

75. This paragraph contains a conclusion of law to which no response is required.

### Third Claim for Relief

**Violation of FOIA for Defendant's Personnel in Processing Plaintiff's Request**

76. Defendant repeats and reiterates its answers to paragraphs 1-75 above.

77. This paragraph sets forth a conclusion of law. To the extent that a response is required, admits.

78. This paragraph contains a conclusion of law to which no response is required.

79. This paragraph sets forth a conclusion of law. To the extent that a response is required, denies.

80. This paragraph contains a conclusion of law to which no response is required.

### Fourth Claim for Relief

**Violation of FOIA for Failure to Conduct a Reasonable Search**

81. Defendant repeats and reiterates its answers to paragraphs 1-80 above.

82. This paragraph sets forth a conclusion of law. To the extent that a response is required, admits.

83. This paragraph sets forth a conclusion of law. To the extent that a response is required, admits.

84. This paragraph sets forth a conclusion of law. To the extent that a response is required, denies.

85. This paragraph sets forth a conclusion of law. To the extent that a response is required, denies.

86. This paragraph contains a conclusion of law to which no response is required.

**Prayer for Relief**

The remaining subparagraphs, numbered 1 – 8, constitute a prayer for relief to which no response is required. Insofar as a response is required, Defendant denies any factual allegations and Plaintiff's prayer for relief.

Further, all allegations contained in the Complaint not specifically admitted or denied in the foregoing numbered responses are hereby denied.

**DEFENSES**

1.  Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the Freedom of Information Act, 5 U.S.C. § 552.

2.  Plaintiff fails to state a claim upon which relief may be granted.

3.  Plaintiff failed to exhaust his administrative remedies on one or more of his claims.

4.  The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

5.  Defendant exercised due diligence and conducted reasonable and adequate searches for nonexempt documents responsive to Plaintiff's FOIA request, and fully complied with 5 U.S.C. § 552 and the applicable regulations in processing and responding to that request. Any documents and materials that were responsive to Plaintiff's request, but exempt under 5 U.S.C. § 552(b), were properly withheld or redacted under said exemptions.

6.        Defendant may have additional defenses which are not known at this time, but which may become known through further proceedings. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated: Brooklyn, New York
       December 14, 2020

                              SETH D. DuCHARME
                              Acting United States Attorney
                              Eastern District of New York
                              *Attorney for Defendants*
                              271 Cadman Plaza East
                              Brooklyn, New York 11201

        By:    */s/ Alex S. Weinberg*
                  ALEX S. WEINBERG
                  Assistant United States Attorney
                  (718) 254-6616
                  alex.weinberg@usdoj.gov

TO: All Counsel of Record (via ECF)