

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

February 1, 2021

**VIA ECF**
The Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Nathan Tempey v. U.S. Department of Homeland Security, No. 1:20-cv-05212 (ENV) (SJB); Discovery Plan

Dear Judge Bulsara:

Our firm is counsel for plaintiff Nathan Tempey in the above-referenced Freedom of Information Act ("FOIA") action. We write respectfully on behalf of both parties to this action in response to the Court's Scheduling Order (Dkt. 13) and in advance of the Initial Conference scheduled for February 5, 2021 concerning the adoption of a plan for discovery that is different from the structure outlined in the discovery worksheet.

Ordinarily, FOIA cases are disposed of through summary judgment motion practice. *See, e.g., Long v. Office of Personnel Management*, 692 F.3d 185, 190 (2d Cir. 2012). "Discovery is generally unavailable in FOIA actions." *Wolf v. Central Intelligence Agency*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) (citations omitted). Defendant's position on discovery is that if there is any discovery, it is "extremely limited, and is permissible only with regard to the scope of the agency's search, its indexing and classification procedures, and other related factual matters." *Katzman v. Freeh*, 926 F. Supp. 316, 319-20 (E.D.N.Y. 1996) (citations omitted); *see Jordan v. U.S Dep't of Labor*, 273 F. Supp. 3d 214, 227 n.16 (D.D.C. 2017) ("FOIA actions are typically resolved without discovery. . . . the Court treats further discovery in FOIA actions skeptically and prefers to permit limited discovery only when truly necessary." (internal quotation marks and citations omitted)); *Leopold v. National Security Agency*, Civil Action No. 14-cv-0919 (KBJ), 2015 WL 12964654, at *1 (D.D.C. Feb. 20, 2015) ("Discovery in FOIA actions is rare") (internal quotation marks and citation omitted).[1] Plaintiff, on the other hand, believes that discovery is not so limited but rather is an issue to be assessed later. *See Yatani v. I.N.S.*, 1990 WL 72632, at *5–6 (E.D.N.Y. May 21, 1990) ("[A]fter the government files its affidavits, a discoverable issue can arise"). Thus, while the Parties disagree as to whether or not discovery may ultimately be warranted, Defendant and Plaintiff agree that discovery is not appropriate at this time.

Accordingly, the parties do not believe that a discovery plan is warranted at this time. However, in an effort to narrow the issues requiring resolution by the Court on dispositive

---

[1] Plaintiff does not concede to the binding effect of cases from the United States District Court for the District of Columbia.



The Honorable Sanket J. Bulsara, U.S.M.J.
February 1, 2021
Page 2

motion practice, Defendant DHS has agreed to produce a *Vaughn* Index[2] within 90-days of the parties' January 21, 2021 conference (or by Wednesday April 21, 2021).  The parties have also discussed and agreed to file their respective pre-motion conference request letters with Judge Vitaliano by May 21, 2021 (or 30 days after DHS's deadline to produce a *Vaughn* index).

      We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Eleanor M. Lackman*

Eleanor M. Lackman
MITCHELL SILBERBERG & KNUPP LLP


cc:     Counsel of Record (via ECF)

---

[2] A *Vaughn* Index is an itemized index of the withheld records that describes each document or withheld portion and gives a detailed justification of the agency's grounds for withholding. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).