
U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 18, 2022

<u>By ECF</u>
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Tempey v. United States Department of Homeland Security*,
               No. 20-cv-5212 (Vitaliano, J.) (Bulsara, M.J.)

Dear Judge Vitaliano:

      This Office represents Defendant United States Department of Homeland Security ("DHS") in the above-referenced action, wherein Plaintiff alleges that DHS has responded inadequately to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for information concerning a DHS press release from 2018. Defendant writes respectfully, pursuant to Provision III(A) of Your Honor's Individual Motion Practices and Rules, to request a pre-motion conference to address its anticipated motion for summary judgment pursuant to Fed. R. Civ. P. 56. As explained below, Defendant has a basis in fact and law for moving to dismiss this action.

    **I.**    **Factual Background**

      On August 9, 2018, Plaintiff submitted a FOIA request for four categories of records "concerning the issuance of a February 15, 2018 DHS press release entitled "We Must Secure The Border And Build The Wall To Make America Safe Again." Complaint ("Compl.") ¶¶ 25-26. On March 27, 2020, DHS responded that, based upon 5 U.S.C. § 552(a)(1) and (a)(2), the agency was not required to produce publicly available records, and directed Plaintiff to 24 pages of publicly-posted documents containing redactions based on FOIA exemptions set forth in 5 U.S.C. §552(b)(5) ("Exemption 5") and 5 U.S.C. § 552(b)(6) ("Exemption 6"). On April 7, 2020, Plaintiff filed an administrative appeal challenging the sufficiency of DHS's response (appropriateness of the redactions) and adequacy of the search for responsive records. Compl. ¶¶ 46-47. On July 15, 2020, an Administrative Law Judge ("ALJ") issued a final decision with respect to Plaintiff's appeal. Compl. ¶ 52, Exhibit ("Ex.") 6. The ALJ found that DHS had conducted an adequate search. Compl., Ex. 6. The ALJ also found that the redacted information was properly withheld, with the exception of one name withheld pursuant to Exemption 6. Compl., Ex. 6. On October 29, 2020, Plaintiff filed the Complaint and initiated this civil action.

      During the pendency of this action, DHS produced a *Vaughn* index providing further information about the nature of the redactions made pursuant to Exemptions 5 and 6. In addition, in the interest of narrowing the scope of the parties' disagreement regarding the sufficiency of DHS's response, DHS agreed to conduct an additional search based upon terms that the parties

found mutually acceptable. On March 16, 2022, following this expanded search, DHS released 16 additional pages of material, and 220 pages with redactions made pursuant to Exemptions 5 and 6. Plaintiff does not challenge the adequacy of the renewed search, but does challenge the redactions.

## II. Legal Standard

The FOIA requires United States government agencies to disclose agency records upon receiving a properly submitted written request for them. 5 U.S.C. § 552(a)(3)(A). However, there are nine categories of agency records that are exempted from release by 5 U.S.C. § 552(b). *Halpern v. Federal Bureau of Investigation*, 181 F.2d 279, 287 (2d Cir. 1999). To obtain relief under the FOIA, a plaintiff must demonstrate that the agency "has (1) improperly; (2) withheld; (3) agency records" that are not exempt or excluded. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980) (internal quotation marks omitted). "Only when each of these criteria is met may a district court 'force an agency to comply with the FOIA's disclosure requirements.'" *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (quoting Reporters Committee, 445 U.S. at 150)). When an agency demonstrates that it has "not 'withheld' requested records in violation of the standards established by Congress, the federal courts have no authority to order the production of such records under the FOIA." *Cui v. Fed. Bureau of Investigation*, 551 F. Supp. 3d 4, 17 (E.D.N.Y. 2021) (quoting *Reporters Committee*, 445 U.S. at 139).

Summary judgment is the preferred mechanism for resolving FOIA actions. *See, e.g., Zhao v. U.S. Dep't of State*, 320 F.Supp.3d 505, 509 (E.D.N.Y. 2018), *aff'd*, 776 F.Appx. 733 (2d Cir. 2019). To obtain summary judgment in a FOIA action, the defendant agency must show that it conducted an adequate search for responsive records and that any withheld documents fall under a FOIA exemption or exclusion. *Carney v. U.S. Department of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "A district court in a FOIA case may grant summary judgment in favor of an agency on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Grand Cent. P'ship., Inc.*, 166 F.3d at 478 (internal quotation marks and citation omitted).

## III. DHS Is Entitled To Summary Judgment Because It Conducted An Adequate Search And Made Justifiable Redactions Pursuant to Exemptions 5 and 6

DHS will demonstrate in its supporting affidavit that its searches were adequate and reasonably designed to locate responsive records. An agency "is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." *Davis v. U.S. Dep't of Homeland Sec.*, No. 11-cv-203 (ARR)(VMS), 2013 WL 3288418, at *6 (E.D.N.Y. June 27, 2013) (quoting *Garcia v. U.S. Dep't of Justice, Office of Info. & Privacy*, 181 F.Supp.2d 356, 368 (S.D.N.Y.2002)). "To show that its search was 'adequate,' an agency must demonstrate that 'the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant.'" *Flores v. United States DOJ*, 391 F. Supp. 3d 353, 362 (S.D.N.Y. 2019) (quoting *Grand Cent.*, 166 F.3d at 489)).

In addition, DHS will demonstrate that it properly applied Exemptions 5 and 6. Exemption 5 applies to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This

exemption "encompasses traditional common-law privileges against disclosure, including the so-called "deliberative process privilege," which shields "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Ahmed v. U.S. Citizenship & Immigr. Servs.*, No. 11-cv-6230 (CBA), 2013 WL 27697, at *4 (E.D.N.Y. Jan. 2, 2013) (quoting *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005)). DHS redacted information including draft fact sheets and talking points containing comments and revisions. These materials were pre-decisional deliberative work and are properly withheld under exemption 5. *Seife v. United States Dep't of State*, 298 F. Supp. 3d 592, 612 (S.D.N.Y. 2018) (granting the United States Department of State summary judgment and finding that draft talking points were properly withheld under exemption 5). Exemption 6 allows for the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "[A] record is a 'similar file' if it contains personal information identifiable to a particular person." *Cook v. Nat'l Archives & Records Admin.*, 758 F.3d 168, 175 (2d Cir. 2014). Under Exemption 6, DHS redacted contact information for executive branch employees, including email addresses and related domain information, information which has also been recognized as properly withheld in a FOIA matter. *Seife*, 298 F. Supp. 3d at 629 (finding that disclosure of official government email addresses "would not be proper").

To further address these grounds for summary judgment, Defendant respectfully requests a pre-motion conference, [1] or alternatively, waives the conference and respectfully requests that the Court adopt this proposed briefing schedule to which the parties have agreed: Defendant's motion by August 19, 2022; Plaintiff's opposition and cross-motion for summary judgment by September 23, 2022; Defendant's reply and opposition by October 7, 2022; and Plaintiff's reply by October 21, 2022.

Thank you for consideration of this request.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  /s/ *Melanie Speight*
Melanie Speight
Assistant U.S. Attorney
(718) 254-7509
melanie.speight@usdoj.gov

cc (by ECF):
All Counsel of Record

---

[1] If this application is granted, Defendant respectfully requests that the Court schedule the conference after July 26, 2022.